Thank you, your honor. Kelly Barnes appearing on behalf of Antonio Gutierrez. May it please the court. Your honor, it's our position in the court. It's our position that Tony's conviction for being a felon in possession of a firearm should not be able to stand. It's our position that he was not a prohibited person under 18 USC 922 G. Can I just ask you a point about what's the actual statute under Idaho law that reduces that was invoked in order to reduce his felony to a misdemeanor and a different charge in 2003 because it doesn't look like it's 310. I assume it's a different provision. Yes, your honor. It looks to me like it was 1926. So for and the language in that statute seems to indicate that under certain procedures, the court can deem a felony a misdemeanor. And it looks like that's what the lower court in Idaho did. But they don't like that. It's interesting. It uses the word Dean because in the rich case, that was the order. It said it will be deemed in this. That is what was done here. What was done is the felony got replaced not just by misdemeanor, but by different charge so that the offensive conviction changed to a misdemeanor and a different offense. Am I reading that correctly? Yes, your honor. And that was one of our frustrations with the district court ruling in Montana is that it seemed to us that the starting place for the course analysis was wrong because in 2003 or 2004, we were no longer dealing with a burglary. We were dealing with petite theft. What's the relationship between that reduction and 310? Because I don't see a cross reference between 2604 and 310. So I'm not sure I understand how those get put together. Well, you would think that they would link, your honor, but they don't seem to in any of the particular ways. It looks to me like 18310 just provided that offenses of burglary did not get their firearms rights or civil rights fully restored unless they followed the procedure in Idaho to the commission that was set up to hear those issues. That's all that statute seems to address is the restoration of civil rights upon discharge of a sentence. And we wouldn't have any argument if the offense had remained burglary because clearly under 310, we don't get our firearms back. So do you agree that under Idaho law, setting aside federal law and 922, do you agree that under Idaho law, he's not allowed to have a firearm? I don't agree that here, your honor. Had the offense been burglary, he's not allowed to have a firearm, but the judge in Idaho changed that to a misdemeanor. And we think that should be the fundamental place or the foundation where the analysis starts as to whether he is a prohibited person. It does not appear that Idaho's ever directly answered the question when a judge does that, drops the statute to a misdemeanor that 310 still applies. Does it make a difference whether the judge acted under subsection 2 as opposed to subsection 1 of 2604? I can see that clearly does refer to restoration of civil rights. It appears here that the judge was acting pursuant to subsection 2, which doesn't have a similar reference. It doesn't, your honor. And I was confused by that myself because that statute talks about deeming or that section of the statute also talks about deeming a felony as a misdemeanor. And so the question remained in my mind, well, what did they mean by that? And it seems that if we deem it a misdemeanor yet, the firearm prohibition still applies, then what's the point? Because they don't list that misdemeanor in the offenses to where the commission must restore the firearms rights rather than the statute directly. If that answers your question, sir. But counsel, is there any central place in Idaho that you could go to look at Mr. Gutierrez's criminal records? And what would Idaho show? What would the rap sheet show on Mr. Gutierrez in Idaho? Does it show petite felony? I mean, a petite theft, or does it show burglary? Good question, your honor. I don't know what the Idaho record said, and I admit I was handicapped in this matter because I was not trial counsel, and the trial counsel's file was destroyed by the time I got the file. And so I cannot directly answer that question, your honor. Maybe Mr. Rubich can, because that wasn't something that I thought to look at to see what the NCIC said. So what was the basis for the government asserting that he was a felon in possession because he'd been convicted of a burglary? What made the government think that he was convicted of a burglary? Well, because the initial judgment in Idaho, your honor, said that. And what they did at the trial court level is they introduced that judgment and used it as the foundation for the status as being a prohibited person because Judge Waters at the district court ruled that the change of that felony to a misdemeanor was ineffective under Idaho law, that he had to go through the commission process to restore his rights. Does the reduction that took place in 2003, does that constitute an expungement within the meaning of 92120? I don't think we can conclude that, your honor. Fair question, but in my years of practice, an expungement would mean it doesn't show up anymore, and this still does. What's interesting, though, is the lower court there used language that he should not be considered a convicted felon in the government. But you need to fit within one of these verbs, don't you? It says any conviction which has been expunged or set aside or for which a person has been pardoned or had his civil rights restored, you're obviously not the last two, so you need to either be expunged or set aside to be able to get rid of the around the burglary conviction, don't you? Well, that would be a sound analysis, your honor, to apply. As we noted in the brief, that's not what happened to Tony, though. And the statute codification in Idaho does not link up those three scenarios with the language deemed to be a misdemeanor. Okay, going back, if I can go back, though, to subsection one, it clearly provides for a dismissal. That is a dismissal of the case. Yes. So in subsection two, it talks about amending the judgment. I'm trying to think of what happens when I amend a judgment. I assume, a question I probably should pursue, that the clerk's office would just simply refile but would not expunge the original judgment that I added. Well, it depends on what happens when we amend a judgment, your honor. I think when I've seen them before, it's either because there was some sort of, you know, the count was labeled incorrectly or something like that. But if we back with an amended judgment because of a reversal by, say, this court of appeals, it doesn't ever seem that there's any reference to what the prior offense is. It kind of goes away because there's a new sentencing or some other procedure. That would be kind of the analysis I think would flow from that view. Does it make a difference that Idaho, or at least the Supreme Court in Idaho, separate the concept of conviction from that of different aspects of the criminal process? That seems to be what the Cook case is saying. Yeah. And I don't know how to answer that, your honor, because the only case that we've got is the Rich case that the United States cited, your honor. And I must admit, I failed to find that case. But then they don't address where we're at today in that regard. So that's about all I can say in regard to the court's question as to whether there's a difference between those two scenarios. Okay. Your time is almost expired. You may want to save time for rebuttal. Your honor, I typically don't use it. Thank you very much. If the court doesn't have any more questions, then I can end my session. All right. We will hear now from Mr. Rubich. Did I pronounce that correctly? I cannot hear you. Can you hear me? Now I can hear you. Thank you, your honor. And if it pleases the court, it's Mr. Rubich for the United States. As has already been discussed briefly, this case hinges on the interpretation of Vanderhoel. And the United States believes that under Vanderhoel, it's clear that Mr. Gutierrez was a prohibited person. You know, step one of the three-part test that was created in Vanderhoel asked that there was a conviction. And in this case, there clearly was. It was a conviction. Right. But what was the conviction for? Do you know what the relation... First of all, do you know what provision of 2604 it was under, whether it was under 1, 2, or 3? I'm not even sure all of those provisions were in the version back in 2003. I don't have that version. Yes, your honor. And unfortunately, the documentation from Idaho doesn't explicitly make that clear. It appears that it's subsection 2. But it would be... The documents that I looked at, which was, I mean, essentially within the excerpts of record, it's not entirely clear. What is clear is what was done, which was a reduction to a misdemeanor, which is both discussed in subsection 1 of 2604 and subsection 2. But in either section, the restoration of civil rights is not discussed, except when there's an actual dismissal of the case, which did not happen here. What's the relationship between this statute and 310? Because it's odd that there's no cross-reference between them, and so it's unclear how to put them together. Certainly, your honor. It's my understanding, and this was my reading of the Rich case, is that essentially 310 governs entirely the restoration of civil rights by default. I mean, 310 discusses... Idaho, to a certain extent, is a somewhat permissive state in the sense that many crimes, you automatically are restored to your civil rights entirely, including your firearms rights. And then 310 goes on to accept certain crimes, including burglary. So 310 is basically your default statute. In other words, unless somewhere else in the code, like 2604 does specifically only to an actual dismissal of the case or an expungement of the case, it's my understanding, and that was my understanding of the Rich case, is that 310 then applies. So in other words, if 2604 was silent on the issue of the restoration of civil rights as it was regarding misdemeanors, then we have to go to 18-310, because that's the only place in the Idaho code that discusses civil rights, the restoration of civil rights. So counsel, is it your position that he has a judgment of conviction for burglary in Idaho? He has a judgment for conviction that was later amended to a misdemeanor. Right, but that makes the difference. It's like saying, yeah, he had a judgment of conviction for burglary, but it got overturned on appeal. I see them as different, Your Honor, and I think the Rich case sees them as different. I mean, again, Rich... Well, let's come back to Rich. But I'm going to ask the same question I asked the opposing counsel. If I went to Idaho and were able to get to some kind of central registry, what is it going to show that Mr. Gutierrez has been convicted of? Is it going to show a conviction for burglary? Your Honor, I don't know that offhand, to be honest with you. All I have is the documents that were provided by Idaho, which was, of course, the original judgment and the amendment to the misdemeanor. But it makes a difference, because as I read 2604, if he complies with the conditions in paragraph two, which I think is probably the applicable paragraph, then his judgment of conviction is reduced to a misdemeanor. And if it's a misdemeanor, then it doesn't come within 18310. That's just that 18310, those exceptions, including burglary, only apply to felonies. So 310 is irrelevant at that point. Well, again, I don't think it is irrelevant. And, you know, we need to step back briefly and first look at federal law. And under 18 U.S.C. section 921, the language is has been convicted of a felony. So, in other words, Mr. Gutierrez had been convicted of a felony. We're not going back in time and changing. So that when that happened, the statute, you know, 19 or 19, 1921 or 921, excuse me, was fulfilled. Now, again, that leads to the banner council. You have to ask for counsel if you want to pursue that argument. That means that the hypothetical I gave you just a minute ago would would qualify under 921. That is, if Mr. Gutierrez were convicted of a burglary, took an appeal to the Idaho Supreme Court and reversed it for insufficiency of evidence, your your your argument about 921 is still good. He's been he was. The fact is, the papers reported that he was convicted of a burglary, even though it was reversed on appeal. I think there's a central difference there. I mean, in one case, it was reversed on sufficiency of evidence. He's not guilty of anything here. His status of guilt has not changed. It's the the conviction has been right under Idaho. What is he guilty of? That's why I'm asking. That's why I asked the questions about if we could get to a central registry in Idaho. What has he been convicted of in Idaho? When I read that judgment from the Idaho Idaho court, it looks like his judgment is for for theft. Well, I think, I mean, again, one of the challenges is each state seems to do these sorts of things differently. And that's why Vanderbilt asked us to look at state law, and which is why I referenced the Rich case, because it's their only guidance. And it seems under Idaho law that they do can, they do, regardless of that. The footnote in Rich seems really incomplete, and it's absolutely clear that it is dicta. Should we certify this question to the Idaho Supreme Court? I know. And I don't I disagree that it's dicta. I mean, they were very they they affirmed on one basis. And that basis was that 18-310 applied. Now we can argue why they did it. They did it because he didn't even appeal it. But they very clearly affirmed on that case. So I don't agree that it's dicta. Well, what they affirmed on the ground that he had failed to address one of the two alternative grounds of the judgment below, and therefore forfeited that any objection to that ground, and therefore forfeited any objection to the judgment. That's basically all Rich says. So we don't have the Idaho Supreme Court's opinion on the merits of the question that was forfeited by Mr. Rich, do we? I think we do. I mean, again, they, regardless of the basis, you know, their basis was very clear. They said, hey, you, you know, you failed to, there were two grounds of, you know, there were two holdings here. One was there was no genuine controversy. And the other was that 18-310 applied and that you needed to, you know, you needed to ask the Board of Pardons and Paroles to have your firearms rights restored. And they said, you challenged the one that you didn't challenge in the other, and we affirm on that basis. Affirm on the basis that you failed to challenge it, that there's a forfeiture. Right. But by, by doing so, they are affirming what the district court did, which was essentially saying, or which was, which was saying that you need to apply to, to the, the Board of Pardons and Paroles to get your firearms rights back. So when we, when we affirm a judgment based on the ground that they forfeited the, any challenge to the ruling, and we do that, we see that a lot, that everyone should read those as merits rulings. We're actually adopting the lower court. So that doesn't seem to make much sense to me. Well, I think that, I think the language is a little bit different from there. And again, there is the footnote that very specifically addresses the argument and seems to adopt the language of what. The whole thing says where a lower court makes a ruling based on two alternative grounds, and only one of those grounds is challenged on appeal, the appellate court must affirm on the uncontested basis. I don't think that means that they ruled on the uncontested basis. Respectfully, it seems to me that they could have, and they chose not to, and they, and in so doing, they have specifically affirmed on the basis that the district court did. That was the language that they used. So it seems to me that, you know, we can, we can quibble about how they did it, but they did affirm what the district court did. And, and this is really the only court case where they've addressed it. Then going back to the bivisa condition, what is the argument against certification? It seems to me it depends on what the purpose of the statute is. And one way to read it is that it means to relieve someone of the burden of a felony conviction, or you could read it mechanically to say that it's just a mere step because we'd like to see people be rehabilitated. And this is a way honoring their efforts. I just find the statute confusing both with the purpose and the operation. So it's understandable, but I just see the Rich case as affirming it. So to me, the answer has already been given by the Supreme Court in Idaho. All right, your time has expired. Thank you, Your Honor. Thank you. All right, let's just put one minute even on the clock, please, for Rebella. Your Honor, this is Mr. Barnes. Unless I, unless the court has any questions for me. We have a minute for Rebella if you want to respond to anything that you're opposing. I don't have anything else, Your Honor. Okay, I have a question. I'd like to just ask what you think about certifying this question to the Idaho Supreme Court? Well, Your Honor, I wondered about that as I was working on it, and I thought that was a possibility. What I don't have any experience in is what the magnitude of the question has to be for this court to consider that because I've never been involved in that. It seems to be a right question for some direction because it certainly could come up numerous times, and it would help the citizens of the state of Idaho, I think, unquestionably. So I wouldn't have any opposition to that. I just don't know if in the court's view that it has that kind of a magnitude that it would want to do that. Okay, thank you. Thank you. Thank you. The case just argued will be submitted. Thank you, counsel, for your arguments.
judges: Bybee, Stearns, Collins